IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADAM KOBOS | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:20-cv-3488-K |
| BEYONDTRUST, INC. | § § § | |
| Defendant. | § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Adam Kobos filed a Motion for Default Judgment against Defendant BeyondTrust, Inc, *see* Dkt. No. 8, which United States District Judge Ed Kinkeade has referred to the undersigned United States Magistrate Judge, *see* Dkt. No. 9.

For the reasons set forth below, the undersigned recommends that the Court GRANT in part and DENY in part Plaintiff's Motion for Default Judgment.

**Background**

The instant motion arises from Plaintiff Adam Kobos's discrimination claims against his former employer, Defendant BeyondTrust. *See* Dkt. No. 1. Kobos alleges that while he was working for BeyondTrust as a regional sales manager, his female coworker was harassed by a manager, leading Kobos and the coworker to report the harassment to BeyondTrust's human resources department. *See id.* at ¶ 7. After making the harassment complaint, Kobos alleges BeyondTrust retaliated and discriminated against him because of his age, race, and national origin. *See id.*

-1-

Specifically, Kobos claims he was denied an earned bonus, placed under additional scrutiny, denied mentorship, given a poor performance review, and placed on a Performance Improvement Plan (PIP). *See id.* After enduring this retaliatory discrimination, Kobos alleges he requested information from the HR department on filing a complaint with the Equal Employment Opportunity Commission (EEOC), after which he was terminated the following day. *See id.*

On November 24, 2020, Kobos filed suit in federal district court, *see* Dkt. No. 1, bringing claims for (1) race and national origin discrimination under 42 U.S.C. § 2000e-2(a) and 42 U.S.C. § 1981; (2) age discrimination under 29 U.S.C.A. § 623, *et seq.*; and (3) and retaliation for bringing a workplace harassment complaint under 42 U.S.C. § 2000e-2 and Texas Labor Code § 21.055.

A summons was issued to BeyondTrust on November 25, 2020 [Dkt. No. 4], but BeyondTrust did not file an answer or motion in response to Kobos's complaint. At Kobos's subsequent request [Dkt. No. 6], the Clerk of Court entered an Entry of Default as to BeyondTrust on February 9, 2021 [Dkt. No. 7]. On June 1, 2021, Kobos filed the instant Motion for Default Judgment [Dkt. No. 8]. To date, BeyondTrust has not appeared, nor filed any responsive pleadings.

**Legal Standards**

Rule 55(b)(2) of the Federal Rules of Civil Procedure governs applications to the Court for default judgment. *See* FED. R. CIV. P. 55(b)(2). A default judgment is available as long as the plaintiff establishes: (1) defendant has been served with the summons and complaint and default was entered for its failure to appear; (2) defendant is neither a minor nor an incompetent person; (3) defendant is not in military service or not otherwise subject to the Soldiers and Sailors Relief Act of 1940; and (4) if defendant has appeared in the action, that defendant was provided with notice of the

application for default judgment at least three days prior to the hearing. *See, e.g.*, 50 App. U.S.C. § 521; FED. R. CIV. P. 55; *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006).

In the Fifth Circuit, three steps are required to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment by the district court. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure. *Id.* The clerk will enter default when default is established by an affidavit or otherwise. *Id.* After the clerk's entry of default, a plaintiff may apply to the district court for a judgment based on such default. *Id.*

The [United States Court of Appeals for the] Fifth Circuit favors resolving cases on their merits and generally disfavors default judgments. *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999); *see also Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) ("Default judgments are a drastic remedy, not favored by the federal rules and resorted to by the courts only in extreme situations."). This policy, however, is "counterbalanced by considerations of social goals, justice, and expediency, a weighing process [that] lies largely within the domain of the trial judge's discretion." *Rogers*, 167 F.3d at 936 (quoting *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990) (internal quotations omitted)); *see also Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990) (noting that default judgments allow courts to manage their dockets "efficiently and effectively").

When making a determination as to whether or not to enter a default judgment, district courts are to consider the following factors: (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) harshness of default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Any doubt as to whether to enter or set aside a default judgment must be resolved in favor of the defaulting party. *See id.*

*Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No. 3:12-cv-2092-M, 2013 WL 145502, at *2-*3 (N.D. Tex. Jan. 14, 2013).

## Analysis

**I.    Procedural Entitlement to Default Judgment**

    **a.  Material Facts in Dispute**

Because BeyondTrust did not answer Kobos's complaint, it admits Kobos's well-pleaded allegations of fact – apart from those relating to the amount of damages – and is barred from contesting the facts thus established on appeal. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *Frame v. S-H, Inc.*, 967 F.2d 194, 205 (5th Cir. 1992).

Kobos alleges three causes of action: (1) violations of 42 U.S.C. § 2000e-2(a) (Unlawful Employment Practices); (2) violations of 29 U.S.C. § 623*, et seq*. (Age Discrimination in Employment Act of 1967, "ADEA"); and (3) violations of the Texas Labor Code § 21.051, *et seq*. Taking Kobos's allegations of fact as true, he has shown a plausible entitlement to relief for his retaliation claim, but not for his race, national origin, or age discrimination claims.

When determining whether the requirements that "a default judgment must be 'supported by well-pleaded allegations' and must have 'a sufficient basis in the pleadings'" have been met, the Fifth Circuit "draw[s] meaning from the case law on Rule 8, which sets forth the standards governing the sufficiency of a complaint." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co.*, 515 F.2d at 1206). "Rule 8(a)(2) requires a pleading to contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)). Ultimately, "[t]he factual allegations in the complaint need only 'be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if

doubtful in fact)." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted)).

### i. Race and National Origin Discrimination Claim

Under 42 U.S.C. § 2000e-2, "[i]t shall be an unlawful employment practice for an employer to ... discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

Kobos has alleged sufficient facts showing an adverse employment action was taken against him—namely, that he was denied his bonus, denied mentoring, given a poor performance review, placed on a PIP, and eventually terminated. He also alleges that he is of Polish-Hungarian descent. And, while he does not state in plain words that he was qualified to do the job, he implies as such by pleading that he outperformed multiple other similarly situated employees who were not terminated.

But though Kobos alleges that BeyondTrust discriminated against him on the basis of race and national origin with malice or reckless indifference to his rights, he does not allege facts showing any causal link between the adverse employment actions taken and his race or national origin. Kobos does not identify his race in the pleadings, and though he states that he is Polish/Hungarian-American, he alleges no facts at all that would allow the court to make the mental leap to connect his termination to his race or national origin. Though the Fifth Circuit has confirmed that the Rule 8 pleading standard applied to the default judgment analysis does not

require detailed allegations, nonetheless the "pleading must present 'more than unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Wooten*, 788 F.3d at 498 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2008)). Here, Kobos's allegations related to his race discrimination claim are limited to conclusory statements that BeyondTrust violated race discrimination laws. Accordingly, there remains a question of material fact as to Kobos's race discrimination claim.

### ii. Age Discrimination Claim

Under 29 U.S.C. § 623(a) (the "ADEA"), "[i]t shall be unlawful for an employer to ... discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). "To establish an ADEA claim, '[a] plaintiff must prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision.'" *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010) (quoting *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177–78 (2009)).

As noted above, Kobos has sufficiently pleaded that he suffered an adverse employment action, despite being well qualified for the position. But, similarly to his 29 U.S.C. § 623 claim, Kobos does not put forth any factual allegations showing the required causal link between the alleged age discrimination and his termination. Though he states that BeyondTrust "willfully violated the protected rights of Plaintiff because of his age," he has not pleaded any facts that would allow the Court to conclude that he is entitled to relief on this claim. Kobos's sole allegations related to

the causal link between his age and his termination are that he was forty years old or older at the time of the discrimination and that was he terminated from his position. Even taking these allegations to be true, they are, without more, an insufficient basis to enter default judgment holding BeyondTrust liable for age discrimination under the ADEA. As such, a material fact issue exists as to the causal, but-for connection between Kobos's termination and his age.

### iii.   Retaliation Claim

Kobos does not identify in his complaint under which statute(s) he brings his retaliation claim. But, considering the facts and arguments made in his complaint, the Court gathers that Kobos is arguing retaliation in violation of 42 U.S.C. § 2000e–3(a) and its state analog Texas Labor Code § 21.055.

Title VII, 42 U.S.C. § 2000e–3(a) makes it unlawful for an employer to discriminate against an employee because the employee "has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter." Unlawful practices under this subchapter are for an employer: "(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely

affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." The elements of a prima facie showing of retaliation under this statute are (1) that the employee engaged in protected activity; (2) that an adverse employment action occurred; and (3) that a causal link existed between the protected activity and the adverse action.

Under Texas law "[a]n employer. . . commits an unlawful employment practice if the employer. . . retaliates or discriminates against a person who, under this chapter: (1) opposes a discriminatory practice; (2) makes or files a charge; (3) files a complaint; or (4) testifies, assists, or participates in any manner in an investigation, proceeding, or hearing." TEX. LABOR CODE § 21.055.

Here, Kobos alleges that after his female coworker complained to him about bullying and harassment inflicted by their manager, he filed a complaint with BeyondTrust's human resources department. Kobos further alleges that after filing the complaint, he endured systematic discrimination and retaliation, including being denied his bonus, placed under extra scrutiny, denied mentoring, given a poor performance review, and placed on a PIP. And, after reporting this information to HR and requesting information on how to file a complaint with the EEOC, Kobos was terminated.

Kobos has sufficiently alleged that BeyondTrust retaliated against him for engaging in the protected activity of filing a harassment complaint. Accordingly, there is no material fact issue as to Kobos's retaliation claim.

    b. **Substantial Prejudice**

BeyondTrust failed to respond to Kobos's complaint and has neither appeared, nor filed any pleading in this case and there is no indication it intends to do so. It has also received ample notice of the suit; service was returned as executed on February 8, 2021. In the meantime, Kobos has been unable to move forward toward resolution of his claims. And, this motion for default judgment has been on file for more than four months with no response. Based on this procedural history and the length for which Kobos has been denied administration of justice, Kobos has been substantially prejudiced by BeyondTrust's nonparticipation.

### c. Clearly Established Grounds for Default

The record indicates that Kobos successfully conducted service of process on BeyondTrust and that BeyondTrust has declined to answer or otherwise respond to Kobos's complaint or this motion. The Clerk entered default and Kobos filed this Motion for Default Judgment. The procedural requirements of Rule 55 of the Federal Rules of Civil Procedure are met and the Court may enter default judgment.

### d. Good Faith or Excusable Neglect

There is no evidence of good faith mistake or excusable neglect on BeyondTrust's part. As discussed, BeyondTrust has failed to appear or otherwise respond to the claims brought in this case.

### e. Harshness of Default Judgment

BeyondTrust had ample time to answer the Complaint, file a Rule 12 motion, respond to the Clerk's entry of default, and/or respond to the present motion. Its complete failure to participate in the litigation "mitigat[es] the harshness of a default

judgment." *U.S. v. Fincanon*, No. 7:08-CV-61-O, 2009 WL 301988, at *2 (N.D. Tex. Feb. 6, 2009) (citing *Lindsey*, 161 F.3d at 893)). Considering these facts and circumstances, the undersigned finds that default in this case would not be harsh.

### f. Obligation of the Court to Set Aside Default on the Motion

An entry of default can be set aside for "good cause." FED. R. CIV. P. 55(c). The factors used in the Fifth Circuit to determine whether good cause exists are: (1) "whether the default was willful[;]" (2) "whether setting it aside would prejudice the adversary[;]" and (3) "whether a meritorious defense is presented*." CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992) (internal citation omitted). But "[t]he ultimate inquiry remains whether the defendant shows 'good cause' to set aside the default." *Id.* (citing *Dierschke v. O'Cheskey (In re Dierschke)*, 975 F.2d 181, 184 (5th Cir. 1992). In accordance with the facts and analysis laid out above, good cause does not appear to exist to set aside a default judgment.

### I. Damages

Kobos seeks compensatory and exemplary damages for the alleged violations of his civil rights and Texas state labor laws. But BeyondTrust's default "is not considered an admission to allegations concerning damages." *U.S. For Use of M-CO Constr., Inc.*, 814 F.2d at 1014. Moreover, the amount sought by Plaintiff is not "a liquidated sum" nor an amount "capable of mathematical calculation." *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993) (citations omitted). As such, the undersigned recommends the Court adhere to the general rule requiring a hearing to determine the appropriate amount of unliquidated damages. *See id.* (citations omitted) ("As a

general proposition, in the context of a default judgment, unliquidated damages normally are not awarded without an evidentiary hearing.").

## Recommendation

For the reasons explained above, the Court should DENY the Motion for Default Judgment with respect to Kobos's race and national origin discrimination claims under 42 U.S.C. § 2000e-2 and 42 U.S.C. § 1981 and age discrimination claim under 29 U.S.C. § 623(a) and GRANT the motion with respect to Kobos's retaliation claim under 42 U.S.C. § 2000e–3(a) and Texas Labor Code § 21.055.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 1, 2021

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE