IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADAM KOBOS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:20-CV-3488-K |
| | § | |
| BEYONDTRUST, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

The Court has reviewed *sua sponte* the service effectuated on Defendant BeyondTrust, Inc. ("BeyondTrust") and concluded service was not proper. Consequently, the Court has no jurisdiction over BeyondTrust and cannot enter default judgment against it. The Court, therefore, **VACATES** the Clerk's entry of default, **VACATES** the Court's previous Order accepting the Findings and Recommendation of the United States Magistrate Judge (Doc. No. 11), and **DENIES** Plaintiff Adam Kobos's ("Kobos") Motion for Default Judgment because Kobos failed to properly serve BeyondTrust with the summons and complaint. Kobos must properly serve BeyondTrust, in accordance with the applicable federal and state rules, **no later than December 15, 2021,** and must file proof of service with the Court **no later than December 17, 2021**. **<u>Failure to comply with this Order will result in the dismissal of this action for want of prosecution without further notice</u>**.

I.      Background

Kobos filed this lawsuit against BeyondTrust on November 24, 2020. *See* Doc. No. 1. The Clerk issued summons as to BeyondTrust on November 25, 2020 (Doc. No. 4) and the proof of service was filed on February 8, 2021, indicating that BeyondTrust's registered agent, CT Corporation System, was served by certified mail on December 28, 2020 (Doc. No. 5). BeyondTrust did not file an answer and has not otherwise made an appearance in the case.

Kobos requested an entry of default on February 9, 2021 (Doc. No. 6), and the Clerk made an Entry of Default on the same day (Doc. No. 7). Kobos filed a Motion for Default Judgment against BeyondTrust on June 1, 2021 (Doc. No. 8) which the Court referred to United States Magistrate Judge David Horan (Doc. No. 9). On November 1, 2021, Magistrate Judge Horan recommended the Court deny in part and grant in part the Motion for Default Judgment (Doc. No. 10), which this Court accepted on November 18, 2021 (Doc. No. 11).

II.     Legal Standards and Analysis

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. *See* FED. R. CIV. P. 55(a). "This first step, entry of default, is a ministerial matter performed by the clerk and is a prerequisite to a later default judgment." *Am. S. Ins. Co. v. Buckley*, No. 1:09-CV-723,

2010 WL 5654105, at *3 (E.D. Tex. Dec. 28, 2010), *rec. adopted*, 2011 WL 288604 (E.D. Tex. Jan. 27, 2011).

Rule 55(b)(2) of the Federal Rules of Civil Procedure governs applications to the Court for default judgment. *See* FED. R. CIV. P. 55(b)(2). A default judgment is available as long as the plaintiff establishes: (1) defendant has been served with the summons and complaint and default was entered for its failure to appear; (2) defendant is neither a minor nor an incompetent person; (3) defendant is not in military service or not otherwise subject to the Soldiers and Sailors Relief Act of 1940; and (4) if defendant has appeared in the action, that defendant was provided with notice of the application for default judgment at least seven days prior to the hearing. *See, e.g.*, FED. R. CIV. P. 55; 50 App. U.S.C. § 521; *Twentieth Century Fox Film Corp. v. Streeter*, 438 F.Supp.2d 1065, 1070 (D. Ariz. 2006).

In the Fifth Circuit, three steps are required to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment by the district court. *New York Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir. 1996). A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure. *Id.* The clerk will enter default when default is established by an affidavit or otherwise. *Id.* After the clerk's entry of default, a plaintiff may apply to the district court for a judgment based on such default. *Id.*

As stated above, even before the Clerk takes the first step to initiate the default judgment process under Rule 55, a defendant must properly be served with a summons and the complaint. *See Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999) ("[A] defendant cannot make an appearance for purposes of Rule 55(b)(2) until after the plaintiff effects service and the defendant becomes susceptible to default."). And, "[u]ntil [a defendant] is *properly* served," the plaintiff "cannot obtain a default judgment." *Thompson v. Johnson*, 348 F. App'x 919, 923 (5th Cir. 2009) (per curiam) (citations omitted and emphasis added); *see also Richardson v. Avery*, No. 3:16-cv-2631-M-BH, 2016 WL 7803155, at *2 (N.D. Tex. Dec. 22, 2016) ("The docket does not reflect compliance with the requirements of Rule 4 for service of process. Until he has been properly served, 'the defendant has no duty to answer the complaint and the plaintiff cannot obtain a default judgment.' Absent proper service of process, a court lacks personal jurisdiction over the defendant, and any default judgment against the defendant would be void." (quoting *Rogers*, 167 F.3d at 937; citations and footnote omitted)), *rec. accepted*, 2017 WL 213056 (N.D. Tex. Jan. 17, 2017).

Although, the Clerk entered default against BeyondTrust (Doc. No. 7), the Court should look back at the method by which Kobos served BeyondTrust. The summons return indicates that Kobos served BeyondTrust by sending a summons and the complaint to BeyondTrust's registered agent in Texas, CT Corporation System, by certified mail. *See* Doc. No. 5; *see id.* at 2 (showing that Kobos sent the certified mailing

and reflecting a signature indicating that CT Corporation System received the certified mailing).

Texas law provides for service by registered or certified mail, with return receipt requested. *Compare Gilliam v. Cty. of Tarrant*, 94 F. App'x 230, 230 (5th Cir. 2004) (per curiam) ("[T]he use of certified mail is not sufficient to constitute 'delivering' under Rule 4." (citing *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993))), *with* TEX. R. CIV. P. 106(a)(2) ("Unless the citation or an order of the court otherwise directs, the citation shall be served by any person authorized by Rule 103 by mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto."); *see also Cross v. Grand Prairie*, No. 3:96-CV-446-P, 1998 WL 133143, at *6 (N.D. Tex. Mar. 17, 1998)(Solis, J.) ("Although Rule 4(e)(1) authorizes service pursuant to Texas law, absent prior authorization by the trial court, the only methods of service permitted in Texas are service in person or by registered mail." (citing TEX. R. CIV. P. 106(a))).

As to persons authorized to serve process under Texas law, Texas Rule of Civil Procedure 103 provides "that a sheriff, a constable, or any person authorized by law or by written order of the court not less than 18 years of age may serve any process, '[b]ut *no person who is a party* to or interested in the outcome of the suit may serve any process in that suit.'" *Blanton-Bey v. Carrell*, No. H-09-3697, 2010 WL 1337740, at *2 (S.D. Tex. Mar. 26, 2010) (quoting TEX. R. CIV. P. 103); *see also Lucky v. Haynes*, No. 3:12-

CV-2609-B, 2013 WL 3054032, at *2 (N.D. Tex. June 18, 2013)(Boyle, J.) ("Upon amendment of the relevant [Texas] rules, federal district courts in Texas interpreting Texas Rule 103 have found that the clerk of the court or one of the three authorized persons in Rule 103 can serve process by certified mail.").

Here, process was served by a person interested in the outcome of the suit—Kobos' attorney Ray Jackson. The proof of service is signed by Mr. Jackson as the server and the certified mail return receipt identifies Mr. Jackson as the sender. *See* Doc. No. 5 at 1, 2. The plaintiff, as a party, is not allowed to serve process. *Florance v. Buchmeyer*, 500 F.Supp.2d 618, 632-33 (N.D. Tex. 2004)(Lynn, J.). Likewise, the plaintiff's attorney, who has a financial interest in the case, is not allowed to serve process. *See Jackson v. United States*, 138 F.R.D. 83, 87-88 (S.D. Tex. 1991).

For these reasons, BeyondTrust has not been properly served, the Court has no jurisdiction over BeyondTrust and cannot enter default judgment against it.

### III. Conclusion

Plaintiff Adam Kobos has failed to properly serve Defendant BeyondTrust, Inc. Because the Court has no jurisdiction to enter a default judgment, the Court **VACATES** the Clerk's entry of default, **VACATES** the Court's previous Order accepting the Findings and Recommendation of the United States Magistrate Judge (Doc. No. 11), and **DENIES** Plaintiff Adam Kobos's Motion for Default Judgment. Plaintiff Adam Kobos must properly serve Defendant BeyondTrust, Inc., in accordance with the

applicable federal and state rules, **no later than December 15, 2021**, and must file proof of service with the Court **no later than December 17, 2021**.  <u>**Failure to comply with this Order will result in the dismissal of this action for want of prosecution without further notice**</u>.

SO ORDERED.

Signed November 30th, 2021.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE